1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD,<br><br>    Plaintiff,<br><br>    vs.<br><br>RAUL CANIZALES dba EL POLLO LOCO; S S & B,<br><br>    Defendants. | Case No. 08cv0917 BTM (WMc)<br><br>**Plaintiff's First Amended Complaint** |

*Hubbard v. El Pollo Loco, Inc., et al.*
**Plaintiff's First Amended Complaint**

Page 1

## I. SUMMARY

1. This is a civil rights action by plaintiff Barbara Hubbard ("Hubbard") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

El Pollo Loco
1710 Highland Avenue
National City, CA 91950
(hereafter "the Restaurant")

2. Hubbard seeks damages, injunctive and declaratory relief, attorney fees and costs, against Raul Canizales dba El Pollo Loco and S S & B (hereinafter collectively referred to as "El Pollo Loco") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Hubbard's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. El Pollo Loco owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

8. Hubbard has multiple conditions that affect one or more major life functions. She requires the use of motorized wheelchair and a mobility-equipped vehicle, when traveling about in public. Consequently, Hubbard is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Hubbard visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Hubbard, the barriers at the Restaurant included, but are not limited to, the following:

- The tow away signage posted is not correct;
- The detectable warnings on located on the ramp rather than just before it;
- The bottom landing of the ramp (to and from the disabled parking) is too small;
- The accessible route from the disabled parking to the entrance requires traveling behind vehicles (other than one's own);
- The accessible route from the disabled parking up to the sidewalk is too narrow;
- There is no International Symbol of Accessibility (hereinafter referred to as "ISA") on the latch side of the accessible entrance door;
- The entrance door requires too much force to operate;
- The service counter is too high and does not have a portion lowered to accommodate patrons in wheelchairs;

- The condiments for iced tea are located out of the required reach range limits;
- The ISA designating certain seating as accessible is too small;
- The table designated as accessible is 31 inches by 41 inches;
- There is no ISA on the latch side of the restroom door;
- The restroom door requires too much pressure to operate;
- The toilet tissue dispenser obstructs the clear maneuvering space needed to access the water closet;
- The side grab bar is mounted more than 12 inches from the back wall;
- The lock requires pinching, twisting and/or grasping to operate;
- The pipes underneath the lavatory are not properly and/or completely wrapped; and,
- The operable part of the paper towel dispenser is mounted at more than 40 inches from the floor.

These barriers prevented Hubbard from enjoying full and equal access.

11. Hubbard was also deterred from visiting the Restaurant because she knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12. Hubbard also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to her disability. Nothing within this Complaint, however, should be construed as an allegation that Hubbard is seeking to remove barriers unrelated to her disability.

13. El Pollo Loco knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, El Pollo Loco has the financial resources to remove these barriers from the Restaurant (without much difficulty

1  or expense), and make the Restaurant accessible to the physically disabled. To
2  date, however, El Pollo Loco refuses to either remove those barriers or seek an
3  unreasonable hardship exemption to excuse non-compliance.

4  14.  At all relevant times, El Pollo Loco has possessed and enjoyed
5  sufficient control and authority to modify the Restaurant to remove impediments
6  to wheelchair access and to comply with the Americans with Disabilities Act
7  Accessibility Guidelines and Title 24 regulations. El Pollo Loco has not removed
8  such impediments and has not modified the Restaurant to conform to accessibility
9  standards. El Pollo Loco has intentionally maintained the Restaurant in its
10 current condition and has intentionally refrained from altering the Restaurant so
11 that it complies with the accessibility standards.

12 15.  Hubbard further alleges that the (continued) presence of barriers at
13 the Restaurant is so obvious as to establish El Pollo Loco's discriminatory intent.[1]
14 On information and belief, Hubbard avers that evidence of this discriminatory
15 intent includes El Pollo Loco's refusal to adhere to relevant building standards;
16 disregard for the building plans and permits issued for the Restaurant;
17 conscientious decision to the architectural layout (as it currently exists) at the
18 Restaurant; decision not to remove barriers from the Restaurant; and allowance
19 that the Restaurant continues to exist in its non-compliant state. Hubbard further
20 alleges, on information and belief, that El Pollo Loco is not in the midst of a
21 remodel, and that the barriers present at the Restaurant are not isolated (or
22 temporary) interruptions in access due to maintenance or repairs.[2]

---

[1] E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2] Id.; 28 C.F.R. § 36.211(b)

*Hubbard v. El Pollo Loco, Inc., et al.*
**Plaintiff's First Amended Complaint**

## VI. FIRST CLAIM

## Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Hubbard incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. El Pollo Loco discriminated against Hubbard by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

21. Here, Hubbard alleges that El Pollo Loco can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that El Pollo Loco violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

*Hubbard v. El Pollo Loco, Inc., et al.*
**Plaintiff's First Amended Complaint**

22. In the alternative, if it was not "readily achievable" for El Pollo Loco to remove the Restaurant's barriers, then El Pollo Loco violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

23. On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, El Pollo Loco violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Hubbard—when it was structurally practical to do so.[3]

### Failure to Make an Altered Facility Accessible

26. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Hubbard v. El Pollo Loco, Inc., et al.*
**Plaintiff's First Amended Complaint**

28. Here, El Pollo Loco altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Hubbard—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, El Pollo Loco violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Hubbard seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Hubbard also seeks a finding from this Court (*i.e.,* declaratory relief) that El Pollo Loco violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

**Disabled Persons Act**

33. Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, El Pollo Loco discriminated against the physically disabled public—including Hubbard—by denying them full and equal access to the Restaurant. El Pollo Loco also violated Hubbard's rights under the ADA, and, therefore, infringed upon or violated (or both) Hubbard's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Hubbard seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. She also seeks to enjoin El Pollo Loco from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40. Hubbard incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44. El Pollo Loco's aforementioned acts and omissions denied the physically disabled public—including Hubbard—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Hubbard by violating the Unruh Act.

46. Hubbard was damaged by El Pollo Loco's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47. Hubbard also seeks to enjoin El Pollo Loco from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

48. Hubbard incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Hubbard alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52. El Pollo Loco's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Hubbard and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Hubbard prays judgment against El Pollo Loco for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that El Pollo Loco violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

DATED: July 21, 2008            DISABLED ADVOCACY GROUP, APLC

                                       */s/ Lynn Hubbard, III, Esquire*
                                       LYNN HUBBARD, III
                                       Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Hubbard v. El Pollo Loco, Inc., et al.*
**Plaintiff's First Amended Complaint**