GEORGE A. FOSTER (SBN 65824)
JOHN BOYCE JR (SBN 123693)
FOSTER ♦ WALSH, LLP
9201 Spectrum Center Boulevard, Suite 210
San Diego, CA  92123
Telephone: (858) 300-9950
Facsimile: (858) 300-9951
gfoster@fosterwalsh.com

Attorneys for Defendant RAUL CANIZALES
    dba EL POLLO LOCO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD<br><br>              Plaintiff,<br><br>vs.<br><br>RAUL CANIZALES dba EL POLLO LOCO; S S & B,<br><br>              Defendants. | Case No.   08cv0917 BTM (WMc)<br><br>**ANSWER OF DEFENDANT RAUL CANIZALES dba EL POLLO LOCO TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant RAUL CANIZALES dba EL POLLO LOCO ("Defendant" or "Canizales") hereby responds to Plaintiff BARBARA HUBBARD's ("Plaintiff") First Amended Complaint ("Complaint") filed in the above-referenced action.

### I. SUMMARY

1. As to paragraph 1, Defendant admits the allegations stated therein.

2. As to paragraph 2, Defendant admits the allegations stated therein.

### II. JURISDICTION

3. As to paragraph 3, Defendant admits the allegations stated therein.

4. As to paragraph 4, Defendant admits the allegations stated therein.

5. As to paragraph 5, after reasonable inquiry and investigation, DEFENDANT is

1  unable to admit or deny the allegations set forth in the paragraph and, on that basis, denies
2  generally each and every allegation contained therein.

### III. VENUE

6. As to paragraph 6, Defendant admits the allegations stated therein.

### IV. PARTIES

7. As to paragraph 7, Defendant admits that he is an individual doing business as El Pollo Loco which he operates as a franchisee at the location alleged by Plaintiff in paragraph 1 of the First Amended Complaint, but except as so admitted, Defendant denies generally each and every other allegation contained therein.

8. As to paragraph 8, after reasonable inquiry and investigation, Defendant is unable to admit or deny the allegations set forth in the paragraph and, on that basis, denies generally each and every allegation contained therein.

9. As to paragraph 9, Defendant admits the allegations stated therein.

10. As to paragraph 10, after reasonable inquiry and investigation, Defendant is unable to admit or deny the allegations set forth in the paragraph and, on that basis, denies generally each and every allegation contained therein.

11. As to paragraph 11, after reasonable inquiry and investigation, Defendant is unable to admit or deny the allegations set forth in the paragraph and, on that basis, denies generally each and every allegation contained therein.

12. As to paragraph 12, after reasonable inquiry and investigation, Defendant is unable to admit or deny the allegations set forth in the paragraph and, on that basis, denies generally each and every allegation contained therein.

13. As to paragraph 13, Defendant denies the allegations set forth in this paragraph.

14. As to the first sentence of paragraph 14, Defendant admits the allegations stated therein, but as to the remaining allegations set forth in paragraph 14, Defendant denies the remaining allegations set forth in the paragraph.

15. As to paragraph 15, Defendant denies each and every allegation stated therein.

///

## VI. FIRST CLAIM

### American with Disabilities Act of 1990

16. Defendant refers to each admission, denial, and allegation set forth in paragraphs 1 through 15 of this Complaint and this reference incorporates each such admission, denial, and allegation herein as though fully set forth.

17. As to paragraph 17, Defendant admits the allegations stated therein.

18. As to paragraph 18, Defendant denies each and every allegation stated therein.

#### Failure to Remove Architectural Barriers in an Existing Facility

19. As to paragraph 19, after reasonable inquiry and investigation, Defendant is unable to admit or deny the allegations set forth in the paragraph and, on that basis, denies generally each and every allegation contained therein.

20. As to paragraph 20, after reasonable inquiry and investigation, Defendant is unable to admit or deny the allegations set forth in the paragraph and, on that basis, denies generally each and every allegation contained therein.

21. As to paragraph 21, Defendant denies each and every allegation stated therein.

22. As to paragraph 22, Defendant denies each and every allegation stated therein.

#### Failure to Design and Construct an Accessible Facility

23. As to paragraph 23, Defendant admits the allegations stated therein.

24. As to paragraph 24, Defendant admits the allegations stated therein.

25. As to paragraph 25, Defendant denies each and every allegation stated therein.

#### Failure to Make an Altered Facility Accessible

26. As to paragraph 26, Defendant admits the allegations stated therein.

27. As to paragraph 27, Defendant admits the allegations stated therein.

28. As to paragraph 28, Defendant denies each and every allegation stated therein.

#### Failure to Modify Existing Policies and Procedures

29. As to paragraph 29, Defendant admits the allegations stated therein.

30. As to paragraph 30, Defendant denies each and every allegation stated therein.

31. As to paragraph 31, Defendant admits the allegations stated therein.

32. As to paragraph 32, Defendant admits the allegations stated therein.

## VII. SECOND CLAIM

### Disabled Persons Act

33. Defendant refers to each admission, denial, and allegation set forth in paragraphs 1 through 30 of this Complaint and this reference incorporates each such admission, denial, and allegation herein as though fully set forth.

34. As to paragraph 34, Defendant admits the allegations stated therein.

35. As to paragraph 35, Defendant admits the allegations stated therein.

36. As to paragraph 36, Defendant admits the allegations stated therein.

37. As to paragraph 37, Defendant denies each and every allegation stated therein.

38. As to paragraph 38, Defendant admits the allegations stated therein.

39. As to paragraph 39, Defendant admits the allegations stated therein.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40. Defendant refers to each admission, denial, and allegation set forth in paragraphs 1 through 30 of this Complaint and this reference incorporates each such admission, denial, and allegation herein as though fully set forth.

41. As to paragraph 41, Defendant admits the allegations stated therein.

42. As to paragraph 42, Defendant admits the allegations stated therein.

43. As to paragraph 43, Defendant admits the allegations stated therein.

44. As to paragraph 44, Defendant denies each and every allegation stated therein.

45. As to paragraph 45, Defendant denies each and every allegation stated therein.

46. As to paragraph 46, Defendant denies each and every allegation stated therein, and additionally, Defendant denies that Plaintiff sustained damages in the amount alleged, or in any other amount or amounts whatsoever.

47. As to paragraph 47, Plaintiff admits the allegations stated therein.

///

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48. Defendant refers to each admission, denial, and allegation set forth in paragraphs 1 through 13 of this Complaint and this reference incorporates each such admission, denial, and allegation herein as though fully set forth.

49. As to paragraph 49, Defendant admits the allegations stated therein.

50. As to paragraph 50, Defendant admits the allegations stated therein.

51. As to paragraph 51, Defendant denies each and every allegation stated therein.

52. As to paragraph 52, Defendant denies each and every allegation stated therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### TO EACH AND EVERY ALLEGED CLAIM FOR RELIEF

As a separate and affirmative defense, Defendant alleges that the Complaint does not state facts sufficient to constitute a claim for relief against Defendant

### SECOND AFFIRMATIVE DEFENSE

### TO EACH AND EVERY ALLEGED CLAIM FOR RELIEF

As a separate and affirmative defense, Defendant alleges that the Complaint, and each and every alleged claim for relief contained therein, is uncertain.

### THIRD AFFIRMATIVE DEFENSE

### TO EACH AND EVERY ALLEGED CLAIM FOR RELIEF

As a separate and affirmative defense, Defendant is informed and believes, and on that basis alleges, that Plaintiff, in the exercise of reasonable diligence, could have mitigated, altered, reduced, or otherwise diminished her alleged damage, and that Plaintiff has failed to exercise such reasonable diligence and has not mitigated, altered, reduced, or otherwise diminished her alleged damage. Therefore, Plaintiff is barred, in whole or in part, from recovering from Defendanton any of the claims for relief alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

**TO EACH AND EVERY ALLEGED CLAIM FOR RELIEF**

As a separate and affirmative defense, Defendant alleges as follows: Without conceding that Plaintiffs has suffered any damages as alleged in the Complaint, Defendant is informed and believes and based thereon alleges that persons and/or entities other than Defendant are responsible, through their negligence, lack of care, recklessness, breach of duty, breach of contract, or other wrongful conduct, in whole or in part, for the damages alleged by Plaintiff. If, in this action, Defendant is found liable to Plaintiff for any amount of damages, said liability was caused in whole or in part by the acts or omissions of such persons and/or entities, for which this answering Defendant is not responsible. Accordingly, any such judgment against Defendant should be reduced proportionate to the fault of such persons and/or entities, and/or such persons or entities should indemnify this answering Defendant for the amount of any such judgment.

**FIFTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY ALLEGED CLAIM FOR RELIEF**

As a separate and affirmative defense, Defendant alleges that he had no knowledge of nor involvement with the alleged acts or omissions complained of in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY ALLEGED CLAIM FOR RELIEF**

As a separate and affirmative defense, and without admitting or conceding that Plaintiff has suffered any damages or has any rights to relief as alleged in the Complaint, Defendant alleges that any acts or omissions of Defendant, were done by Defendant in good faith and without intent to injure or discriminate.

**SEVENTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY ALLEGED CLAIM FOR RELIEF**

As a separate and affirmative defense, Defendant alleges as follows: Without admitting or conceding that Plaintiff has been damaged as alleged in the Complaint, Defendant is informed and believes and on that basis alleges that any damages or injuries allegedly suffered by Plaintiff were caused, in whole or in part, by Plaintiff's own acts or omissions.

///

## EIGHTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY ALLEGED CLAIM FOR RELIEF

As a separate and affirmative defense, Defendant alleges that the Plaintiff lacks standing to bring any claim against Defendant.

WHEREFORE, DEFENDANT prays judgment as follows against Plaintiff:

1. That Plaintiff take nothing by her complaint and that the complaint be dismissed with prejudice;

2. For a determination and order by this court that Defendant has not violated the ADA for the purposes of the Unruh Act or Disabled Persons Act damages as alleged in the Complaint;

3. For all Defendant's costs of suit incurred herein;

4. For Defendant's attorneys' fees incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 25, 2008

FOSTER ♦ WALSH, LLP

By: _____
George A. Foster
John Boyce Jr
Attorneys for Defendant RAUL
CANIZALES dba EL POLLO LOCO

1  GEORGE A. FOSTER (SBN 65824)
   JOHN BOYCE JR (SBN 123698)
2  FOSTER ♦ WALSH, LLP
   9201 Spectrum Center Boulevard, Suite 210
3  San Diego, CA 92123
   Telephone: (858) 300-9950
4  Facsimile: (858) 300-9951
   gfoster@fosterwalsh.com
5

6  Attorneys for Defendant RAUL CANIZALES
           dba EL POLLO LOCO
7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11 | BARBARA HUBBARD              | Case No.  08cv0917 BTM (WMc)
12 |         Plaintiff,           | **CERTIFICATE OF SERVICE**
13 |                              |
   | vs.                          |
14 |                              |
15 | RAUL CANIZALES dba EL POLLO  |
   | LOCO; S S & B,               |
16 |                              |
17 |         Defendants,          |

18

19     I, the undersigned, do declare and state as follows:

20     I am over the age of eighteen (18) years and not a party to this action.  My business

21 address is 9201 Spectrum Center Boulevard, Suite 210, San Diego, CA 92123, which is located in

22 the city, county and state where the mailing described below took place.

23     ☒     On August 26, 2008, I deposited in the United States Mail, postage prepaid, at San

24 Diego, California, a true and correct copy of the following documents:

25     **ANSWER OF DEFENDANT RAUL CANIZALES dba EL POLLO LOCO TO
                PLAINTIFF'S FIRST AMENDED COMPLAINT**
26
              **REQUEST FOR JURY TRIAL**
27
28 ///

---

1

08cv0917 BTM (WMc)
CERTIFICATE OF SERVICE

1  ☒   On Tuesday, August 26, 2008, I caused a true and correct copy of the above
2  document(s) to be delivered by CM/ECF electronic mail to the parties listed below:
3  Parties served as follows:
4  Adam Sorrells, Esq.
   Lynn Hubbard, III
5  12 Williamsburg Lane
   Chico, CA 95926
6  Telephone: (530) 895-3252
   Fax: (530) 894-8244
7  Attorneys for Plaintiffs
8  I declare under penalty of perjury under the laws of the State of California that the
9  foregoing is true and correct and that this declaration was executed on August 26, 2008 in San
10 Diego, California.

*[signature]*
Robin Stewart